UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,          :    INFORMATION

           -v.-                    :    11 CRIM 823

PATRICK HYLAND,                    :

           Defendant.              :
- - - - - - - - - - - - - - - - - -x

### COUNT ONE
(Subscribing to False U.S.
Individual Income Tax Returns)

The United States Attorney charges:

### BACKGROUND

1.  Chelsea Piers Management, Inc. ("Chelsea Piers") operates a sports and entertainment complex in Manhattan. Among other things, Chelsea Piers serves as the venue at which men and women's adult basketball leagues play their games. In addition to organizing and providing the venue for the adult basketball leagues, Chelsea Piers provides referees to officiate the league games at Chelsea Piers' expense.

2.  At all times relevant to this Information, PATRICK HYLAND, the defendant, was a United States citizen who resided in Staten Island, New York.

3.  From in or about 2000 through in or about 2007, PATRICK HYLAND, the defendant, worked as a referee for Chelsea Piers' adult basketball leagues. Over the course of his career refereeing at Chelsea Piers, HYLAND officiated at hundreds of basketball games at Chelsea Piers for which he was typically paid

JUDGE KOELTL

$38 per game and later $40 per game to officiate. Over the course of his career refereeing at Chelsea Piers, HYLAND was paid more than approximately $38,000 over the course of the years 2000 through 2007 for such work.

4. HYLAND, as well as the numerous other persons who acted as basketball referees at Chelsea Piers, served as independent contractors to, and not employees of, Chelsea Piers. Accordingly, when HYLAND and other basketball referees were paid by Chelsea Piers, Chelsea Piers was not required to withhold income taxes, was not required to withhold and pay Social Security and Medicare taxes, and was not required to pay unemployment tax on payments to HYLAND and other basketball referees. However, HYLAND and the other basketball referees were required to, among other things, report the receipt of income from Chelsea Piers on their personal income tax returns.

### REPORTING NONEMPLOYEE COMPENSATION TO THE IRS

5. Form 1099-MISC ("Form 1099") is a form promulgated by the Internal Revenue Service ("IRS") to be used in the United States income tax system to report, among other things, the payment of "miscellaneous" or nonemployee income, that is, income other than wages, salaries, and tips paid to employees, such as payments to independent contractors. In order to report such payments to the IRS, a Form 1099 is filed with the IRS by the payor of such amounts if the payments are made in the course of the payor's trade

or business. A Form 1099 is generally required to be filed by the payor of compensation to report the payment of nonemployee compensation, but only when more than $600 is paid by the particular payor to a particular payee in a calendar year. A copy of the Form 1099 must also be provided by the payor to the payee who received the income in order to assist the payee in preparing his or her U.S. Individual Income Tax Return, Form 1040 ("Form 1040").

6. Form W-9 ("Form W-9") is a form promulgated by the IRS to be used by persons or entities that are required to file information returns, such as Form 1099's, with the IRS. Form W-9's are used by, among others, the payors of compensation in order to obtain the accurate name and Taxpayer Identification Number ("TIN"), such as a Social Security number, of the recipient of nonemployee compensation, so that when the payors report the payment of compensation to the IRS on, for example, Form 1099, the payors do so accurately. The prospective recipient of nonemployee compensation typically fills out the Form W-9 with his or her name as shown on his or her tax return, as well as his or her address and TIN (typically, the prospective recipient's Social Security number), and swears under penalty of perjury that the TIN shown on the Form W-9 is the person's correct TIN.

7. Citizens and residents of the United States who have income in any one calendar year in excess of a threshold amount

3

("United States taxpayers") are obligated to file a Form 1040 for that calendar year with the IRS. On a Form 1040, United States taxpayers are obligated to report their income from any source. This obligation includes reporting the receipt of miscellaneous income, including income received as an independent contractor income, regardless of whether the receipt of such income is reported on a Form 1099.

### THE SCHEME TO USE STOLEN AND OTHER IDENTITIES TO EVADE TAXES ON PAYMENTS TO HYLAND FOR HIS WORK AS A CHELSEA PIERS BASKETBALL REFEREE

8. From in or about 2000 through in or about 2007, PATRICK HYLAND, the defendant, engaged in a scheme to use stolen identities to evade income and other taxes on payments to HYLAND for his work as a basketball referee at Chelsea Piers.

9. Among the means and methods by which PATRICK HYLAND, the defendant, would and did carry out the fraudulent scheme were the following:

   a. HYLAND obtained identification information, such as names and Social Security numbers, of other people, without the lawful authority to use this identification information (the "Stolen Identities"). HYLAND obtained Stolen Identities as a result of his employment at the Staten Island Chamber of Commerce.

   b. HYLAND obtained identification information, such as names and Social Security numbers, of other people, who did provide him authority to use their identification information (the

4

"Other Identities").

    c. HYLAND provided, and caused to be provided, to Chelsea Piers the Stolen Identities and Other Identities on false Forms W-9 in order to deceive certain employees of Chelsea Piers into believing that the persons associated with the Stolen Identities and the Other Identities and whose identification information appeared on the Forms W-9 had worked as basketball referees at Chelsea Piers, when, in truth and in fact, and as HYLAND then and there well knew, the persons associated with the Stolen Identities and the Other Identities and whose identification information appeared on the Forms W-9 had never worked as basketball referees at Chelsea Piers.

    d. HYLAND arranged for payments to be made to HYLAND in the names of the Stolen Identities and/or the Other Identities. The purpose of being paid in the names of the Stolen Identities and/or the Other Identities was to minimize the amount of income that HYLAND appeared to have received from Chelsea Piers, which served to fraudulently reduce the taxes paid by HYLAND.

    e. HYLAND generally caused HYLAND to be paid not more than $600 in any one calendar year in his own name, so as not to trigger an obligation on the part of Chelsea Piers to file a Form 1099 for HYLAND. For example, of the Stolen Identities and Other Identities used by HYLAND as part of the scheme, there were payments totaling more than $600 for only one Other Identity for

one calendar year. If HYLAND was paid more than $600 in his own name, HYLAND generally caused the amounts paid to him and reported on a Form 1099 to be greatly reduced from the amounts actually paid to him in the names of Stolen Identities and Other Identities.

      f. HYLAND generally arranged for the payments using the Stolen Identities and the Other Identities not to exceed $600 in any one calendar year so as to avoid triggering an obligation by Chelsea Piers to file a Form 1099 with the IRS in the name of the Stolen Identities and the Other Identities. Had Forms 1099 in the names of the Stolen Identities and the Other Identities been filed, HYLAND would have run a greater risk that: (1) the persons whose identities were used without their authority would learn that their identification information had been used as part of the scheme; and/or (2) the scheme would cause tax consequences to persons whose identities had been used by HYLAND.

      g. HYLAND fraudulently endorsed checks from Chelsea Piers payable to the Stolen Identities when HYLAND deposited and/or cashed those checks.

      h. HYLAND fraudulently failed to report on his Forms 1040 the receipt of all income received by him from Chelsea Piers. For example, during calendar year 2005, HYLAND was paid in excess of $5,800 for officiating basketball games at Chelsea Piers. However, because Chelsea Piers' records falsely reflected that HYLAND was paid only $589, Chelsea Piers never prepared or filed

with the IRS a Form 1099 for HYLAND for that year. Consequently, HYLAND wilfully failed to report any of his officiating income for that year.

### STATUTORY ALLEGATIONS

10. On or about the filing dates listed below, in the Southern District of New York and elsewhere, PATRICK HYLAND, the defendant, wilfully and knowingly did make and subscribe U.S. Individual Income Tax Returns, Forms 1040, for the calendar years listed below, which returns contained and were verified by the written declaration of HYLAND that they were made under penalties of perjury, and which returns HYLAND did not believe to be true and correct as to every material matter, in that HYLAND failed to report as income payments received by him for work as a basketball referee at Chelsea Piers, whereas HYLAND then and there well knew and believed that he had received such income:

| Calendar Year | Approximate Date of Filing |
|---|---|
| 2005 | April 15, 2006 |
| 2006 | April 3, 2007 |
| 2007 | April 9, 2008 |

(Title 26, United States Code, Section 7206(1);
Title 18, United States Code, Section 2.)

*Preet Bharara*
PREET BHARARA
UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

PATRICK HYLAND,

Defendant.

INFORMATION

11 Cr. _____ (JGK)

(Title 26, United States Code,
Section 7206.)

PREET BHARARA
United States Attorney.

9/27/2011 FILED WAIVER OF INDICTMENT AND INFORMATION. DEFT ARRAIGNED ON INFORMATION. DEFT PRES W/ATTY MICHAEL SCHACHTER. AUSA'S DANIEL LEVY AND STANLEY OKULA. REPORTER SAM MAURO. DEFT ENTERS PLEA OF GUILTY TO ONE COUNT INFORMATION. SENTENCE DATE 1/13/2012 AT 2:30PM. PSI ORDERED. BAIL SET AT 10,000 PRB; 1 FRP; BAIL MET BY 10/3/2011. BAIL EXT TO CONT US. SURRENDER TRAVEL DOCUMENTS.

— JUDGE KOELTL